IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KAZIM OLADOTUN OYENUGA, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:23-CV-00389-ALM-CAN |
| v. | § § | |
| OMOYELE SOWORE, ET AL., | § § § | |
| Defendants. | § | |

## ORDER

Pending before the Court is *pro se* Plaintiff Kazim Oladotun Oyenuga's ("Plaintiff") Motion to Proceed *In Forma Pauperis* [Dkt. 4]. The statute authorizing the Court to grant leave for a litigant to proceed *in forma pauperis* states:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). "The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*. Rather, the court enjoys limited discretion to grant or deny a motion for leave to proceed *in forma pauperis* based upon the financial statement set forth within the applicant's affidavit." *Heath v. I.R.S.*, No. 3-02-CV-1518-H, 2002 WL 31086069, at *1 (N.D. Tex. Sept. 16, 2002) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 337 (1948); *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. Unit A June 1981); 28 U.S.C. § 1915(a)). A plaintiff who wishes to proceed *in forma pauperis* must file an affidavit attesting to her or her indigence. *See* 28 U.S.C. § 1915(a)(1). "The affidavit is sufficient if it states that, due to poverty, plaintiff cannot afford to pay the costs of legal representation and still provide

for [himself] and [his] dependents." *Bright v. Hickman*, 96 F. Supp. 2d 572, 575 (E.D. Tex. 2000) (citing *Adkins*, 335 U.S. at 339; *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 697 (E.D. Tex. 1999)). "While plaintiff does not need to be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when plaintiff cannot give such costs and remain able to provide for [herself] and [her] dependents." *Id*. (citations omitted).

Plaintiff avers that he is unable to pay the fees at this time [Dkt. 4 at 1]. However, Plaintiff is self-employed and has take-home wages of approximately $3,000 per month and business income for 2022 was about $50,000 [Dkt. 4 at 2-3]. Plaintiff also indicates that his monthly expenses do not exceed his monthly income, and that Plaintiff's "consulting business should begin to thrive" [Dkt. 4 at 4-6]. Based on the information provided, at present, Plaintiff has the funds to pay the $402.00 filing fee. Considering all the information supplied, the Court finds that Plaintiff is obligated to pay the filing fee for this civil action, and his Motion should be denied. Accordingly,

It is therefore **ORDERED** that Plaintiff Kazim Oladotun Oyenuga's ("Plaintiff") Motion to Proceed *In Forma Pauperis* [Dkt. 4] is **DENIED**. **Plaintiff shall submit the full filing fee of $402.00 to the Clerk of Court within thirty days of this Order.** Failure to pay the filing fee within thirty days may result in a dismissal of Plaintiff's Complaint.

**IT IS SO ORDERED**.

**SIGNED** this 3rd day of May, 2023.

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE