IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KAZIM OLADOTUN OYENUGA, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:23-CV-00389-ALM-CAN |
| v. | § § | |
| OMOYELE SOWORE, ET AL., | § § | |
| Defendants. | § § | |

### ORDER FOR AMENDED COMPLAINT

On May 1, 2023, *pro se* Plaintiff Kazim Oladotun Oyenuga ("Plaintiff") filed his original complaint [Dkt. 1]. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* [Dkt. 4], which the Court has denied [Dkt. 5]. Plaintiff's complaint alleges Defendants engaged in libel and conspiracy to commit libel, which has harmed his professional reputation and business [Dkt. 1 at 4-5]. Plaintiff also states that a related lawsuit is pending in state court in the 471st District Court of Collin County, Texas, Case No. 471-02866-2022 [Dkt. 1 at 2]. Regarding the state court case, Plaintiff states there are "two partial dismissal[s] of a defendant, one was appealed" and that the "present defendants" named in this suit "were non suited" [Dkt. 1 at 2]. Thus, it appears the claims sought to be asserted before this Court may already be pending before or are being adjudicated by a state court. For relief, Plaintiff primarily seeks compensatory and punitive damages, and an injunction against Defendants [Dkt. 1 at 5]. Further, Plaintiff's civil cover sheet alleges that both federal question and diversity jurisdiction exist over his claims [Dkt. 1-1]. Following review of the live pleading, this Court's subject matter jurisdiction over any claims asserted is unclear, as is the status of any such claims in the underlying state court litigation.

The Court has subject matter jurisdiction over those cases arising under federal law. U.S. Const. Art. III § 2, cl. 1; 28 U.S.C. § 1331. The Court also has subject matter jurisdiction over cases where complete diversity of citizenship exists between Plaintiff and all Defendants, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Plaintiff's complaint does not identify any question of federal law that gives rise to his claim(s), nor does it allege the requirements for jurisdiction based on diversity. Regarding diversity jurisdiction, the Complaint alleges Plaintiff is a resident of Texas, and that at least one Defendant—Sahara Reporters Media Group Inc.—is a New York corporation, and that Defendants Olufemi Oluseun Dominic and Ayokunle James Gbadebo are each an "individual resident in Texas" [Dkt. 1 at 2]. No state of citizenship is alleged for Defendant Omoyele Sowore or for Defendant "Saharareporters.com." Again, Plaintiff identified both federal question jurisdiction and diversity jurisdiction as a "basis for jurisdiction" on his civil cover sheet, but at present, Plaintiff has not pleaded facts sufficient to show the requirements for either federal question or diversity jurisdiction are satisfied.

The complaint also lacks sufficient detail regarding the state court proceedings referenced in the complaint. Plaintiff's statements regarding the case in Collin County suggest that it remains pending and has been adjudicated, at least as to some of the same Defendants named. He also references a state court appeal, but no information is provided regarding that appeal. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Pursuant to the abstention doctrine set forth by the Supreme Court in *Younger*, a federal court is prohibited under certain circumstances from interfering with a pending state-court proceeding. *Jasper v. Hardin Cnty. Sheriff's Dep't*, No. 1:11-CV-408, 2012 WL 4480713, at *9 (E.D. Tex.

Sept. 5, 2012) (citing *Younger v. Harris*, 401 U.S. 37 (1971)), *report and recommendation adopted*, No. 1:11-CV-408, 2012 WL 4472261 (E.D. Tex. Sept. 26, 2012). "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: '(1) the federal proceeding would interfere with an ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Dillenberg v. Watts*, No. 4:20-CV-458-SDJ, 2021 WL 1084766, at *2 (E.D. Tex. Mar. 22, 2021) (quoting *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012)).

These concerns could potentially be cured by the filing of an Amended Complaint. Courts often afford *pro se* plaintiffs an opportunity to amend their complaints. *See, e.g.*, *Smith v. City of Princeton*, No. 4:17-CV-85-ALM-CAN, 2017 WL 9285413, at *3 (E.D. Tex. June 8, 2017), *report and recommendation adopted*, No. 4:17-CV-85, 2017 WL 3033397 (E.D. Tex. July 18, 2017). The Court will permit Plaintiff such an opportunity to clarify both the Court's subject matter jurisdiction and the status of any state court proceedings related to each Defendant and claim(s) asserted in this cause. <u>Plaintiff should include every issue he wishes to raise in the amended complaint, as an amended complaint entirely supersedes and takes the place of an earlier complaint.</u> *Clark v. Tarrant Cnty.*, 798 F.2d 736, 740 (5th Cir. 1986). Plaintiff is further instructed that the amended complaint must comply with the Federal Rules of Civil Procedure and the Eastern District of Texas Local Rules. Accordingly,

It is therefore **ORDERED** that *pro se* Plaintiff Kazim Oladotun Oyenuga shall file an amended complaint, no later than *Friday, June 2, 2023, at 5:00 p.m.*, setting forth:

(1) The basis for the Court's subject matter jurisdiction over this lawsuit, specifically addressing whether there is federal question and/or diversity jurisdiction and the potential *Younger* implications, as set forth herein;

(2) The current status of Plaintiff's pending case in the 471st District Court of Collin County, Texas, Case No. 471-02866-2022, including a statement regarding the disposition of each specific Defendant; and

(3) The status of any state court appeal, including identifying the parties, the case number, court, and date of filing.

<u>Failure to comply with this Order may result in a recommendation of dismissal under Federal Rule of Civil Procedure 41(b).</u>

**IT IS SO ORDERED**.

**SIGNED this 3rd day of May, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE