IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KAZIM OLADOTUN OYENUGA, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:23-CV-00389- |
| v. | § | ALM-AGD |
| | § | |
| OMOYELE SOWORE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On May 1, 2023, *pro se* Plaintiff Kazim Oladotun Oyenuga initiated the instant lawsuit by filing a Complaint in the Eastern District of Texas, Sherman Division alleging claims in connection with publication of a false statement (Dkt. #1). The same day, Plaintiff moved to proceed *in forma pauperis* (Dkt. #4). On May 3, 2023, the court denied Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. #5; Dkt. #6) and ordered Plaintiff to pay the filing fee[1] and file an Amended Complaint establishing subject-matter jurisdiction (Dkt. #6). On June 2, 2024, the Clerk's Office noted that "Plaintiff Kazim Oladotun Oyenuga appeared at the Clerk's Office the week of May 15[] asking about the status of his case. A copy of his docket sheet and Orders [Dkt.#]5 and [Dkt. #]6 were given to Plaintiff. He noticed that his email address was incorrect. The clerk entered droyenuga@gmailcom per the consent[]. Plaintiff indicated that his email address is drooyenuga@gmail.com. [The D]ocket sheet was updated to reflect [the] current email address." On August 3, 2023, Plaintiff filed a Motion for Leave to File First Amended Complaint (Dkt. #9), which the court granted on August 13, 2023 (Dkt. #11). On June 5, 2024, the court issued a Notice of Impending Dismissal and ordered Plaintiff to file an advisory petition by June 13, 2024, because

_____

[1] Plaintiff paid the filing fee on June 5, 2023.

more than a year had passed since Plaintiff filed the Complaint and no Defendant had been served (Dkt. #13). The Notice contained language stating that "[f]ailure to respond will result in a recommendation of dismissal of this case for failure to prosecute." (Dkt. #13 at p. 2). On June 6, 2024, the Clerk's Office sent the court's Order to Plaintiff via regular mail and email. On June 27, 2024, the Order was returned as "undeliverable" and "unable to forward." (Dkt. #14). To date, Plaintiff has not responded to the court's Order.

A district court may dismiss an action for failure to prosecute or to comply with any court order. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (quoting FED. R. CIV. P. 41(b)). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court abused its discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979) (citation omitted); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (citation omitted). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (citation omitted).

Here, the court ordered Plaintiff to advise the court whether he intended to pursue this lawsuit (Dkt. #13). Plaintiff failed to comply with the Order or otherwise participate in the case. Accordingly, the present case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute this case and comply with court orders. FED. R. CIV. P. 41(b); s*ee Isom v. Indio Mgmt. at the Everly*, No.4:20-CV-947-SDJ-CAN, 2021 WL 5501786, at *2 (E.D. Tex. Oct. 20, 2021) ("The court recommends the instant suit be dismissed under Rule 41(b) for failure to comply with court Orders and to diligently prosecute."), *report and*

*recommendation adopted*, No.4:20-CV-947-SDJ, 2021 WL 5493377 (E.D. Tex. Nov. 23, 2021); *Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021), *report and recommendation adopted sub nom. Ernest Bob Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3032725 (E.D. Tex. July 19, 2021); *Bennett v. Smith Cnty. Jail*, No. 6:21CV010, 2021 WL 930282, at *1 (E.D. Tex. Feb. 5, 2021), *report and recommendation adopted sub nom. Bennett v. Smith*, No. 6:21-CV-00010, 2021 WL 926207 (E.D. Tex. Mar. 10, 2021).

## RECOMMENDATION

For the foregoing reasons, the court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**IT IS SO ORDERED.**

**SIGNED this 22nd day of August, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE